**Petition for Writ of Habeas Corpus Dismissed and Memorandum Majority and Concurring Opinions filed August 15, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00456-CR

---

### IN RE YU HENG TAO, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 22-DCR-101104**

---

## MEMORANDUM CONCURRING OPINION

I agree that this court has no subject-matter jurisdiction over a felony preconviction habeas-corpus proceeding.[1] The district court appears to have jurisdiction under Code of Criminal Procedure article 11.08, and this application for

---

[1] The caption of this case suggests this is a Texas Rule of Appellate Procedure 52 original proceeding with a relator filing a petition. That is incorrect as this is an applicant filing an application under Code of Criminal Procedure chapter 11 (in the wrong court). This court nonetheless treats this as an original proceeding.

a writ of habeas corpus is directed to the 240th District Court of Fort Bend County. The underlying problem appears to be that the application was mailed to the clerk of the wrong court.

I concur in the judgment only to dispose of this matter. I am not convinced that (1) the clerk of this court must (a) file any document presented for filing, even if the document is addressed to another court, and (2) open a case on this court's docket. There must be another way to handle something that was mistakenly mailed to this court. We could give notice and allow for a response, making it clear that it will be filed and dismissed if no sufficient response is filed.

This is one example of why we should follow the practice in civil appeals as set forth in Texas Rule of Appellate Procedure 42.3 which requires notice of an involuntary dismissal, including dismissals for want of subject-matter jurisdiction. While not required by the Texas Rules of Appellate Procedure, this court now routinely sends notices of involuntary dismissals in criminal appeals. *See* Tex. R. App. P. 42.4 (only *requiring* involuntary dismissal in criminal case if appellant escapes from custody pending appeal).

Does the absence of a rule requiring notice in original proceedings and criminal appeals make lack of notice appropriate? After all, we have procedural rules to satisfy federal and state constitutional requirements of notice and an opportunity to be heard in our court proceedings. The lack of a rule does not nullify those constitutional issues.

What if the problem with dismissing without notice in an original proceeding is that we are simply wrong in our legal analysis or assumptions? Are we in such a hurry that we cannot do what we must do in civil appeals and currently do as standard

2

operating procedure in criminal appeals? People do make mistakes, including people who file things and people who rule on those things.

Absent extraordinary circumstances, we have the luxury of telegraphing an involuntary dismissal. We rarely receive a response when we do, which appears to confirm the case should be dismissed. I would give notice whenever we can so that we do not involuntarily dismiss based on a mistake of law or, in this case, what appears to be a document intended to be filed in another court.

I respectfully concur.


/s/ Charles A. Spain
Justice


Panel consists of Justices Wise, Bourliot, and Spain (Spain, J., concurring).

Do Not Publish — Tex. R. App. P. 47.2(b).